Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000606
08-JUN-2018
08:07 AM

NO. CAAP-17-0000606

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CALVIN D. ELIZARES, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 17-1-0007(2); CR. NOS. 98-0463(2), 99-0076(2))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Calvin D. Elizares (**Elizares**) appeals from the July 31, 2017 Findings of Fact, Conclusions of Law, and Judgment Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Order Denying Petition**), entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

After a jury trial in the underlying criminal proceeding, Elizares was found guilty of various charges, and on June 28, 2000, the Circuit Court entered a Judgment Guilty Conviction and Sentence (**Judgment**) that, *inter alia*, imposed an

---

[1]     The Honorable Peter T. Cahill presided.

extended term of imprisonment of life with parole on two counts.[2] On May 23, 2017, Elizares filed a petition for post-conviction relief pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 (**Petition**), arguing that his sentence was illegal on various grounds, including the one raised in this appeal. Thereafter, the Circuit Court entered the Order Denying Petition, concluding that Elizares had failed to establish a colorable claim.

On appeal, Elizares contends that the Circuit Court erred in denying the Petition, arguing that his extended sentence was illegal because it was imposed by a judge and not based on a jury's findings supporting the extended term.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Elizares's point of error as follows:

Based on the Hawai'i Supreme Court's opinion in Flubacher v. State, 142 Hawai'i 109, 414 P.3d 161 (2018), we agree. In Flubacher, the State conceded, and the supreme court concluded that "**any extended term sentence imposed after June 26, 2000**, in which the court, not a jury, found the fact of 'necessary for the protection of the public' is in violation of Apprendi." Id. at 114, 414 P.3d at 166 (emphasis added; internal quotation marks omitted). In other words, because the "required finding exposed the defendant to a greater punishment than that authorized by the jury's verdict[,]" the court in Flubacher held

---

[2]    The Honorable Shackley F. Raffetto presided.

that the extended term sentence violated <u>Apprendi</u>. <u>Id.</u> at 118-19, 414 P.3d at 170-71 (brackets omitted). Here, at a June 27, 2000 sentencing, as set forth in the June 28, 2000 Judgment, a judge, not a jury, made the requisite findings in support of Elizares's extended term sentence. Therefore, pursuant to <u>Flubacher</u>, Elizares's extended term sentence was imposed in an illegal manner because it violated <u>Apprendi</u>, 530 U.S. 466 (2000).

For these reasons, the Circuit Court's July 31, 2017 Order Denying Petition and the portion of the Circuit Court's June 28, 2000 Judgment in Cr. Nos. 98-0463(2) and 99-0076(2) that imposed the extended term sentence are vacated, and this case is remanded for further proceedings consistent with <u>Flubacher</u>.

DATED: Honolulu, Hawai'i, June 8, 2018.

On the briefs:

Calvin D. Elizares,
Petitioner-Appellant, *Pro Se*.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge